| | | |
|---|---|---|
| In re | ) | Case No. _____ |
| **Brenda Mae Walker** | ) | |
| | ) | [ONLY FOR CHAPTER 13 CASES] |
| | ) | DEBTOR'S ATTORNEY'S DISCLOSURE |
| | ) | OF COMPENSATION AND ANY |
| | ) | EMPLOYMENT AGREEMENT, AND |
| | ) | APPLICATION FOR COMPENSATION, |
| Debtor(s) | ) | UNDER 11 USC §329 AND FRBP 2016(b) |

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☑ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

☐ **SCHEDULE 1:** The total fee request is $__ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $__ ($4,750 maximum) and expenses of $__ for a total of __.
  ☐ Debtor ☐ (specify) __ has paid $__, leaving $__ to be paid through the plan.

☑ **SCHEDULE 2:** Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:

   ☑ (a) a flat fee (i.e., requiring no itemization) of $__**3,450***__ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:
*and $310 filing fee

   ☐ (b) an estimated total fee of $____ and expenses of $__**0**__. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered, attached to LBF 1306, must be filed with the court not less than one week prior to the final confirmation hearing.

☑ Debtor ☐ (specify) ____ has paid $**890 attorney fee and $310 filing fee**, leaving $__**2,560**__ to be paid through the plan.

Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:
*and $310 filing fee

☐ **SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to the fee arrangements as follows:

☐ Debtor ☐ (specify) __ has paid $__, leaving $__ to be paid through the plan.
[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected; (b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details): __.

I further certify that on __10/16/2020__ a copy of this document was served on the debtor(s) and trustee.

DATED: 10/16/2020

/s/ Brian D. Turner
**Brian D Turner 04013**
Debtor's Attorney

## CHAPTER 13 BANKRUPTCY ATTORNEY FEE AGREEMENT

Client(s) name(s): __Brenda Walker_____       Date: __10/14/2020_____

1. **Parties**: This agreement is between **Turner Law PC, dba Cascade Bankruptcy (CBK)**, a "Debt Relief Agency" as defined by the U.S. Bankruptcy Code, and the above named Client(s).

2. **Fees and costs**: All funds paid to CBK will be applied first to attorney fees, then to Court fees and costs. You have not retained CBK until you have paid a retainer of $ __1,000____. CBK will not file your case until you pay the Court's filing fee of $ __310____. You agree to pay:
   __ a. Hourly according to rates under paragraph 7 below; pre-confirmation fees are estimated at $___
   _X_ b. Flat Fee of $ __3,450____ for all services provided through plan confirmation and initial audit of claims; hourly at rates under paragraph 7 for all services provided after plan confirmation. All fees are earned on receipt and will not be placed in a lawyer trust account. You may discharge CBK at any time, in which case you may be entitled a full or partial refund if agreed services have not been completed.

3. **Payment of fees**:
   a. **Pre-confirmation fees**: If the case is dismissed or converted prior to confirmation, you agree that CBK may bill up to the agreed upon flat fee amount if paragraph 2(b) based on hourly rates in paragraph 7.
   b. **Funds received by attorney**: CBK may endorse checks made to you in CBK's possession including refunds from the Trustee, and may place such funds into CBK's trust account to secure payment of unpaid fees.
   c. **Conversion**: CBK does not agree to perform any services related to Chapter 7. CBK will require a separate Chapter 7 fee agreement before performing services related to a Chapter 7 case.
   d. **Discharge**: The Court may not enter a discharge until all approved fees and costs in your case are paid.
   e. **Refund of fees**: Upon cancellation of services, any funds held in trust, including funds intended to pay filing fees, will be applied first to unpaid attorney fees, then costs.

4. **Limitations of representation**:
   a. **Bankruptcy representation**: CBK agrees to represent you in U.S. Bankruptcy Court under Chapter 13 only.
   b. **No outcome guarantees**: The advice provided throughout your case is based on the representations you make to CBK in light of the law as interpreted at the time the advice is rendered. In the event that your situation changes or the documents provided indicate a deviation from your prior representations, our advice and the outcome of your case may change. CBK makes no guarantees regarding any aspect of your case, including the minimum length of your plan, monthly plan payment or feasibility of your plan.

5. **Costs Associated with Filing**: You are responsible for all costs incurred in your case including but not limited to: court fees, credit reports, appraisals, debtor education, or production of documents.

6. **Expiration of Contract and Cancellation of services**: If the case is not filed by __10/1/2021____, or you cancel services, CBK may close your file and bill for hourly services at the rates provided in paragraph 7. Cancellation prior to filing your case constitutes a breach of the flat fee agreement. You agree to pay fees at rates specified in paragraph 7 for time expended on your case up to the amount of the flat fee (if applicable) under paragraph 2.

7. **Hourly Rates**: Hourly rates in chapter 13 are as follows: Brian Turner (attorney): $275/hour; Mackenzie Keith (attorney): $275/hour; Non-Attorney Legal Assistants: $95/hour. CBK keeps contemporaneous time records on all actions related to your case, recorded in increments of .1 hour and will provide an itemization upon request.

_Brenda Walker_ 10/15/20
Signature            Date

_____
Signature            Date

_____  10/16/2020
Attorney Signature   Date